UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**DEBORAH L. BOARDMAN**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

November 16, 2020

LETTER TO COUNSEL

      RE:    *Shawna G. v. Saul*
                Civil No. DLB-20-1640

Dear Counsel:

      The Commissioner moved to dismiss this case "pursuant to Rule 12 of the Federal Rules of Civil Procedure" on October 23, 2020. ECF 11. Though the Commissioner did not explicitly cite Rule 12(b)(6), his affirmative defense that plaintiff "failed to state a claim upon which relief can be granted" by untimely filing suggests an intention to move for dismissal under 12(b)(6). *Id.*; *see Richards v. Berryhill,* 759 F. App'x 187, 188 n.1 (4th Cir. 2019) (mem.) (per curiam).

      The Commissioner attached to his motion matters outside the pleadings, including the relevant Appeals Council denial, Administrative Law Judge decision, and a declaration from Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations. ECF 11-2. The Commissioner did not style the motion as a Rule 12 or in the alternative Rule 56 motion. *See* ECF 11. Rule 12(d) prohibits, with few exceptions, consideration of matters outside the pleadings when resolving a 12(b)(6) motion without converting the motion to one under Rule 56. *See Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

      Separately, both parties argued about the potential applicability of the doctrine of equitable tolling. ECF 11; ECF 12. The Fourth Circuit recently clarified the rule for equitable tolling is a two-part test: "[A] plaintiff must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 551 (4th Cir. 2019) (internal citations omitted) (internal quotation marks omitted).

      Accordingly, this Court orders the Commissioner to file a memorandum of law, citing authority supporting his request to resolve his motion under Rule 12, or a statement of his intention to file his motion as one under Rule 56 in the alternative. Additionally, both parties may file supplemental briefing on whether, in light of *Edmonson*, the doctrine of equitable tolling applies in the instant case. Filings should be submitted no later than December 16, 2020.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

/s/

Deborah L. Boardman
United States Magistrate Judge